UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD BAKER,

        Plaintiff,

v.   Case No. 8:08-cv-1952-T-17EAJ

TAMPA POLICE DEPARTMENT, et al.,

        Defendants.

## O R D E R

    The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff's claim is barred by the statute of limitations.

    Section 1915A(a) requires the district court to perform a screening review of any civil complaint filed by a prisoner against a government official. Such a complaint may be dismissed if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Dismissal of a prisoner's complaint as time-barred prior to service will also be appropriate if it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes v. Lott*, 350

F.3d 1157, 1163 (11th Cir.2003) (citing *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1280 (11th Cir.2001)). *See Burt v. Martin*, 193 F.3d. Appx. 829, 830 (11th Cir. 2006).

The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Mullinax v. McElhenney,* 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under *Wilson*, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).

Plaintiff's claims accrued in June 2004. However, Baker did not sign the present civil rights complaint until September 26, 2008. Clearly, Baker's complaint is barred by the four-year statute of limitations.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to enter judgment against Plaintiff Baker, to terminate all pending motions, and to close this case.

ORDERED at Tampa, Florida, on October 3, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Ronald Baker